**FILED**
January 24, 2025 08:39 PM
SX-2006-CV-00511
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

|  |  |
|---|---|
| NAOMI LENHARDT and CLAUDIA LENHARDT, <br><br> Plaintiffs, <br><br> v. <br><br> TANYAH BARNETT, DENISE LENHARDT, FLOYD E. LENHARDT, and ALL PERSONS CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR OTHER INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE, OR ANY CLOUD ON PLAINTIFFS' TITLE HERETO, <br><br> Defendants. | CASE NO. SX-2006-CV-00511 |

Cite as: 2025 V.I. Super 2 P

## MEMORANDUM OPINON

[1]     THIS MATTER comes before the Court on Defendant Denise Lenhardt's *pro se* April 10, 2024, unopposed "Motion to Dismiss for Failure to Prosecute or Alternatively Entry of Default". The Court will grant the Motion to Dismiss for Failure to Prosecute.

## FACTUAL BACKGROUND

[2]     Plaintiffs Naomi Lenhardt and Claudia Lenhardt filed their Complaint on August 10, 2006. The Complaint alleges that Denise Lenhardt was occupying rental units, either personally or by allowing other people to reside therein, at property jointly owned by Naomi Lenhardt, Denise Lenhardt, and Tanyah Barnett. Plaintiffs also allege that the unauthorized rentals resulted in waste. On September 6, 2006, Defendants Tanyah Barnett and Denise Lenhardt filed an Answer denying the claims. On October 16, 2006, Plaintiffs filed for entry of a default against Defendant Floyd Lenhardt, which was entered the next day. Defendants claim that, before the action, Floyd Lenhardt had already transferred his interest in the underlying property to Denise Lenhardt pursuant to an October 5, 2005, Quitclaim Deed.

[3]     The parties engaged in extensive motion practice, which included the filing of summary judgment and partition motions. Of note, Defendants filed a July 9, 2007, Opposition to Plaintiffs' Motion for Summary Judgement stating that Naomi Lenhardt, Denise Lenhardt, and Tanyah

**Memorandum Opinion**            **2025 V.I. Super 2 P**
*Lenhardt, et. al. v. Barnett, et. al.,*
SX-06-CV-511
Page 2 of 5

Barnett jointly appointed a third-party property manager. An attached affidavit from Denise Lenhardt alleges that the property managers were still collecting reduced rent, at their discretion, and, when the action was initiated, were taking one tenant to court for nonpayment.

[4]      Momentum in the case ended after the Court granted Plaintiff's Counsel leave to withdraw on March 28, 2012. In that motion, Plaintiffs' counsel advised that Claudia Lenhardt no longer wished to pursue the matter, and Naomi Lenhardt had become increasingly uncooperative and nonresponsive. Since then, Plaintiffs have been served with Court Orders to appear at hearings. Plaintiffs have failed to show up to nine status hearings held on May 2, 2019, November 7, 2019, February 10, 2021, May 11, 2022, August 17, 2022, February 15, 2023, May 15, 2023, January 31, 2024, and September 4, 2024. Plaintiffs have also ignored an October 10, 2014, Order from the Court to move the case forward within fourteen (14) days. Plaintiffs have not entered a *pro se* appearance or otherwise obtained substitute counsel.

**LEGAL STANDARD**

[5]      The Plaintiffs are ultimately responsible for prosecuting their case. *See Ventura v. Virgin Islands Hosp. & Health Facilities Corp.*, 2021 VI SUPER 92U, ¶ 14 (Super. Ct. Aug. 30, 2021); *see also, Ferguson v. Francis*, 2024 VI SUPER 30U, ¶ 20 (V.I. Super. Aug. 19, 2024). If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. V.I. R. CIV. P. Rule 41(b). Unless the dismissal order states otherwise, a dismissal under V.I. R. CIV. P. Rule 41(b) operates as an adjudication on the merits.

[6]      Dismissal for failure to prosecute is an "extreme" sanction and must be reserved for instances in which it is justly merited. *Halliday v. Footlocker Specialty, Inc.*, 53 V.I. 505, 510 (2010). As such, in evaluating a motion to dismiss for failure to prosecute, courts in the Virgin Islands evaluate the six *Poulis* factors:

> (1) the extent of the party's personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Id.* at 510 (2010) (quoting *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). Only when all six factors *strongly* weigh in favor of dismissal as a sanction is a dismissal for failure to prosecute justified. *Id.* at 511. Nonetheless, the power to dismiss for failure to

prosecute is necessary to prevent undue delays in the disposition of pending cases and to avoid Court congestion. *See Link v. Wabash R. Co.,* 370 U.S. 626, 629 (1962).

## DISCUSSION

### I. THE PLAINTIFFS ARE PERSONALLY RESPONSIBLE FOR THEIR FAILURE TO PROSECUTE.

[7]     The Plaintiffs have not been represented since their counsel withdrew in 2012. Since then, they have not secured substitute counsel. They have not appeared at duly scheduled court hearings, although they were notified of some of the hearings. They have not complied with any order of the Court or contacted the Court regarding the status of their case in over ten years. These facts compel the Court to conclude that they have abandoned their case. Considering the *Poulis* factors, adopted in *Halliday v. Footlocker Specialty, Inc., supra,* the weight of circumstances favors dismissal.

#### A. The Plaintiff's failure to prosecute has prejudiced Defendants.

[8]     Delays that hinder an adversary's ability to levy a proper defense against the plaintiff's complaint are prejudicial. *See Sanchez v. Hughes,* No. ST-04-CV-393, 2011 WL 3855477, at *3 (V.I. Super. Mar. 21, 2011). In *Sanchez,* the Plaintiff failed to move a dog bite claim forward for six years. *Id.* The Court found that such a delay resulted in witnesses relocating and memories fading, thus prejudicing the Defendants' ability to launch a full-throated defense against the claims. *Id.* The instant case deals with a property dispute from 2006. Like *Sanchez,* in the almost twenty (20) years since the Complaint was filed, the Defendants and potential witnesses may have changed jobs, retired, moved away, or simply forgot relevant information to the case. Moreover, during the twenty years, the property condition may have changed, prejudicing the Defendants' defense against the Plaintiffs' waste claims. If a six-year delay was prejudicial to the Defendants in *Sanchez,* then the over 10-year lapse since Plaintiff's counsel was permitted to withdraw is certainly prejudicial to the instant Defendants.

#### B. Plaintiffs have a history of dilatoriness because they have repeatedly failed to comply with Court orders.

[9]     In addressing this *Poulis* factor, the Third Circuit found that repeated failure to comply with time limits imposed by the Court demonstrated a pattern of dilatoriness that was "intolerable." *BIZVI, LLC v. Olive,* No. ST-15-CV-89, 2015 WL 13858467, at *7 (V.I. Super. Nov. 23, 2015). The Third Circuit explained that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation ... [i]f compliance is not feasible, a timely request for an extension should be made to the court." *Id.* In this case, the Plaintiffs have repeatedly failed to comply with the time limits imposed by the Court. Most notably, the Court

ordered the Plaintiffs to move the case forward, which they ignored. Plaintiffs also failed to show up at nine (9) hearings. A party's failure to attend status hearings, comply with the court's orders, and take the initiative to move their case forward are all evidence of dilatory conduct. *Hassan v. Brian/Bryan Bishop*, 77 V.I. 269, 275, 2023 VI SUPER 20, ¶ 16 (Super. Ct. 2023). Here, the repeated failures to follow Court orders and total inaction are intolerable and justify dismissal for failure to prosecute.

### C. The conduct of Plaintiffs is willful and in bad faith because it is repeated.

[10]    In evaluating whether to dismiss an action for failure to prosecute, the Court must examine whether the Plaintiffs or their counsel engaged in willful or flagrantly bad faith behavior. *BIZVI, LLC v. Olive*, 2015 WL 13858467, at *8 ("Willfulness involves intentional or self-serving behavior.") If there is no specific evidence of willfulness, it is assumed that the delay is unintentional, and this factor will not weigh in favor of dismissal. *Ferguson v. Francis, 2024 VI SUPER 30U, ¶ 14.* However, delay is sufficient for a finding of willfulness or bad faith when there is "evidence on the record that Plaintiff has repeatedly ignored the Court's orders or flouted the Court's authority." *BIZVI, LLC v. Olive*, 2015 WL 13858467, at *8.

[11]    The Court allowed the Plaintiffs' attorney to withdraw in 2012. Since then, the Plaintiffs have repeatedly ignored the Court's orders and failed to appear at multiple hearings without excuse. Considering the age of the case, it is reasonable to expect that within ten years, a litigant, particularly a plaintiff, would contact the Court to follow up on the status of their case. The Plaintiffs have not done so. These facts alone show that the delay is willful.

### D. The effectiveness of sanctions other than dismissal would be futile because Plaintiffs do not wish to prosecute their case.

[12]    Dismissal for failure to prosecute is an extreme sanction of last resort. *Halliday v. Footlocker Specialty, Inc.*, 53 V.I. at 510. However, in the case at hand, the inaction of the Plaintiffs shows that they are not interested in prosecuting the case further. Any lesser sanction, such as imposition of fines against an absent party, will not further the case. Rather, dismissal for failure to prosecute is warranted given the circumstances while simultaneously reducing the congestion on the Court's docket and preventing undue delay in the progression of cases.

### E. The Defendants raise a meritorious defense that, if true, would completely bar recovery.

[13]    In considering whether a claim or defense is meritorious for the final *Poulis* factor, Courts do not apply summary judgment standards. *BIZVI, LLC v. Olive*, 2015 WL 13858467, at *9. Rather, a claim or defense will be deemed meritorious when the allegations in the pleadings, if established at trial, would support the Plaintiff's recovery or constitute a complete defense. *Id.* In

the case at hand, the Defendants submitted a July 9, 2007, Opposition to the Plaintiffs' Motion for Summary Judgement that states that Naomi Lenhardt, Denise Lenhardt, and Tanyah Barnett all have an interest in the subject property, and they jointly appointed third-party property managers. Moreover, an attached affidavit from Denise Lenhardt alleges that the property managers were still collecting reduced rent, at their discretion, and, at the time of filing, were taking one tenant to court for nonpayment. If established at trial, this defense would constitute a complete defense.

## CONCLUSION

[14]    All six *Poulis* factors used by Virgin Islands Courts in evaluating Motions to Dismiss for Failure to Prosecute weigh in favor of dismissal. The Plaintiffs have displayed a history of willful and dilatory conduct by failing to appear at court hearings and otherwise disobeying the orders of this Court. The repeated nature of the Plaintiffs' conduct rises to bad faith, particularly when they ignore duly served orders of the court to appear before it. The Defendants waited almost twenty years to have their case heard. The Plaintiffs' silence prejudiced the Defendants because witnesses and evidence were likely lost, and memories faded. It also caused unacceptable congestion on the Court's docket. As such, the Court will grant the Defendants' Motion to Dismiss for Failure to Prosecute. An appropriate Order consistent with this Memorandum Opinion will follow.

Dated:  January 24, 2025

_____
HON. YVETTE ROSS EDWARDS
Judge of the Superior Court


ATTEST:

TAMARA CHARLES
Clerk of the Court

By: _____
        Court Clerk
Dated: 1|30|2025



**FILED**
January 31, 2025 08:42 PM
SX-2006-CV-00511
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
District of St. Croix

| | |
|---|---|
| **Naomi Lenhardt et al,** | Case Number: **SX-2006-CV-00511** |
| **Plaintiff** | Action: **Partition And Quiet Title** |
| **v.** | |
| **Tanyah Barnett et al,** | |
| **Defendant.** | |

**NOTICE of ENTRY**
**of**
**<u>MEMORANDUM OPINION</u>**

**To:**  Naomi Lenhardt                          Tanyah Barnett
Claudia Lenhardt                          Denuise Lenhardt
Floyd Lenhardt

**Please take notice that on January 31, 2025**

**a(n)**    **MEMORANDUM OPINION**

dated      **February 02, 2025**    was/were entered
**by the Clerk in the above-titled matter.**

**Dated:** **January 31, 2025**                          **Tamara Charles**
                                                         **Clerk of the Court**

                                              By:

                                                         **Sioned Hernandez**
                                                         **Court Clerk II**